```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| SHAWN WINBUSH,  )  <br> Petitioner,  )  <br> )  <br> v.  )  <br> )  <br> UNITED STATES OF AMERICA,  )  <br> Respondent.  )  <br> )  <br> )  <br> )  <br> ) | Civil Action No. <br> 13-12370-NMG |

                       MEMORANDUM AND ORDER

**GORTON, J.**

Before the Court is the "Request" of petitioner Shawn Winbush to "Reopen the Judgment Due to Petitioner's Factual and Legal Innocense of Career Offender Enhancement." For the reasons stated below, the Court denies the request and orders that this action be closed.

On November 14, 2005, Winbush pled guilty to drug trafficking charges. See United States v. Winbush, Crim. No. 04-10364-NMG. He was later sentenced to 188 months of imprisonment and 48 months of supervised release. His direct appeal and motion under 28 U.S.C. § 2255 were unsuccessful. See id.; see also United States v. Winbush, App. No. 06-1618 (1st Cir.). He filed the present motion on September 17, 2013, which was both docketed as a non-motion in the underlying criminal matter and opened up as a new case.

In the motion, Winbush asks that the Court "reopen the judgment due to his factual and legal innocence of the Career Offender enhancement term he currently serves pursuant to the

'miscarraige [sic] of justice exception.'" Mot. at 1. He argues that he is not a Career Offender because, due to intervening Supreme Court cases, some of his state convictions upon which his Career Offender status were predicated no longer support that classification.

The Court must deny the motion, as the Court cannot reconsider Winbush's sentence by simply reopening the case. In general, a challenge to a criminal sentence imposed by a federal court must be brought in a motion under 28 U.S.C. § 2255. See 28 U.S.C. § 2255(a). However, under the Antiterrorism and Effective Death Penalty Act ("AIDPA"), Pub. L. 104-132 (1996), a prisoner cannot bring a second or successive § 2255 motion without first obtaining permission from the court of appeals to do so. See 28 U.S.C. § 2255(h). A prisoner cannot avoid this limitation on § 2255 motions simply by entitling a request for relief as a motion to reopen a criminal case. As another court has explained:

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citations and parentheticals omitted). Here, because the Court

has already adjudicated a § 2255 motion brought by Winbush, the Court is without jurisdiction to entertain what is in substance an unauthorized second or successive § 2255 motion.

In very limited circumstances, a prisoner may seek relief from a conviction or sentence through a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  See 28 U.S.C. § 2255(e) (application for a writ of habeas corpus by a prisoner who is authorized to apply for relief under § 2255 shall not be entertained unless "it also appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention").  However, such a petition must be brought in the jurisdiction in which the prisoner is confined.  See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 442, 443 (2004).  As Winbush is incarcerated in Lisbon, Ohio, if he wishes to seek relief under 28 U.S.C. § 2241 he must file his petition in the United States District Court for the Northern District of Ohio.

Accordingly, the motion to "Reopen the Judgment" is DENIED.  This action shall be dismissed.  No filing fee is assessed.

**So ordered.**

                               /s/ Nathaniel M. Gorton
                              Nathaniel M. Gorton
                              United States District Judge

Dated: 12/5/13